NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID TURAN JOHNSON, | No. 11-16729 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02035-WBS-KJN |
| v. | |
| IVAN CLAY, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH**, and MURGUIA, Circuit Judges.

Petitioner appeals from the district court's denial of his habeas claim. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher.
Judge Smith has read the briefs, reviewed the record, and listened to the oral
arguments that were held on October 19, 2012.

I.

It was not contrary to, or an unreasonable application of, *Batson v. Kentucky*, 476 U.S. 79 (1986), for the California Court of Appeal to affirm the trial court's denial of Petitioner's *Batson* motion. *See* 28 U.S.C. § 2254(d)(1). Courts must apply a three-step test when evaluating a *Batson* challenge:

> First, the movant must make a prima facie showing that the prosecution has engaged in the discriminatory use of a peremptory challenge by demonstrating that the circumstances raise an inference that the prosecutor used [the challenge] to exclude veniremen from the petit jury on account of their race. Second, if the trial court determines a prima facie case has been established, the burden shifts to the prosecution to articulate a race-neutral explanation for challenging the juror in question. Third, if the prosecution provides such an explanation, the trial court must then rule whether the movant has carried his or her burden of proving the existence of purposeful discrimination.

*Tolbert v. Page*, 182 F.3d 677, 680 (9th Cir. 1999) (en banc) (alteration in original) (internal citations and quotation marks omitted). The California Court of Appeal, as well as the state trial court, applied the right legal standard in this case because it correctly analyzed the trial court's decision under each step of the *Batson* test.

We reject Petitioner's argument that the California Court of Appeal ran afoul of *Miller-El v. Dretke*, 545 U.S. 231 (2005), by failing to conduct an exhaustive comparative juror analysis under step three of the *Batson* test. The California Court of Appeal analyzed the comparative information proffered by Petitioner on

direct review, but was prevented from conducting the kind of comparative analysis

done in *Miller-El* by the lack of truly comparable factors contained in the record.

Further, although a comparative juror analysis is an important tool that can be used

to determine whether the totality of the circumstances gives rise to an inference of

discrimination, it is not always required at the state appellate level. *Boyd v.*

*Newland*, 467 F.3d 1139, 1148-49 (9th Cir. 2006). The California Court of Appeal

considered the totality of the circumstances in evaluating the *Batson* challenge,

and, thus, Petitioner is not entitled to relief under § 2254(d)(1). *See id.*; *see also*

*Miller-El*, 545 U.S. at 240.

## II.

Petitioner cannot show that the California Court of Appeal acted

unreasonably in affirming the trial court's factual findings with respect to

Petitioner's *Batson* challenge. The consideration of "purposeful discrimination" at

step three of the *Batson* inquiry is a factual one entitled to appropriate deference by

a reviewing court. *Batson*, 476 U.S. at 98 n.21. The state court's factual findings

are presumed to be sound unless Petitioner rebuts the "presumption of correctness

by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005)

(quoting 28 U.S.C. § 2254(e)(1)) (internal quotation marks omitted). Because

Petitioner has not shown that the prosecutor's proffered race-neutral explanations

for the challenged strike are implausible, Petitioner has not shown that the

California Court of Appeal was unreasonable in denying his *Batson* challenge. For

these reasons, the district court was correct to deny Petitioner's appeal.[1]

**AFFIRMED.**

---

[1] Although Petitioner briefed a non-certified issue, we decline to expand the certificate of appealability to include it, and, thus, we will not review the issue. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1102-04 (9th Cir. 1999) (per curiam).